IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH STANLEY BROWN,<br>                    Petitioner, | | CIVIL ACTION |
| v. | | |
| TABB BICKELL,<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF PHILADELPHIA, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>                    Respondents. | | NO.  12-2400 |

DuBois, J.                                                      November 12, 2014

**M E M O R A N D U M**

### I.       INTRODUCTION

Petitioner Keith Stanley Brown ("Brown") plead guilty to two counts of aggravated

assault, intimidation of a witness, and terroristic threats on August 13, 2008 in the Philadelphia

Court of Common Pleas.[1]  He is presently serving a sentence of 10 to 20 years imprisonment.

After exhausting his remedies in state court, Brown filed a counseled Petition for Writ of

Habeas Corpus ("Petition") in this Court on May 3, 2012.  On June 20, 2014, United States

Magistrate Judge Timothy R. Rice submitted to the Court a Report and Recommendation ("R &

R"), recommending that all claims in the Petition be denied with prejudice without an

evidentiary hearing.  Brown subsequently filed seventeen Objections to the R & R, which are

presently before the Court.

For the reasons that follow, the R & R is approved and adopted; Brown's Objections are

overruled; and all of Brown's claims are denied and dismissed without an evidentiary hearing.

---

[1] Brown's guilty plea covered three pending criminal actions against him.  (Petitioner's
Memorandum of Law in Support of Habeas Petition ("Pet.'r's Mem. Law. Supp. Habeas Pet.") at
2.)

## II.     BACKGROUND

The facts of this case are described in detail in the R & R.  The Court will not repeat them

in this Memorandum except as is necessary to explain its rulings on Brown's Objections.

## III.     STANDARD OF REVIEW

Where a court refers a habeas petition to a magistrate judge, "the court shall make a de

novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made ... [and] the court may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C.

§ 636(b)(1)(c).

The Court's review of the R & R submitted June 20, 2014 is governed by the Anti-

Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  Pursuant to 28

U.S.C. § 2254(d), a petition for habeas corpus may be granted only if (1) the state court

adjudication of the claim "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States" or if (2) the adjudication resulted in a decision that was "based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A state court decision is "contrary to" clearly established governing federal law "if the

state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court]

cases,' or 'confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [the Court's]

precedent.'" Penry v. Johnson, 532 U.S. 782, 792 (2001) (quoting Williams v. Taylor, 529 U.S.

362, 405-06 (2000).   "A state court decision will be an 'unreasonable application of' [the

Court's] clearly established precedent if it 'correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.'" Id. (quoting Taylor, 529 U.S. at 407-08).

Additionally, in reviewing the state court record, factual issues determined by a state court are presumed to be correct, and Brown bears the burden of rebutting this presumption by clear and convincing evidence. See Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

## IV. DISCUSSION

Brown raises four ineffective assistance of counsel claims in his Petition. He alleges that his trial counsel was ineffective for: 1) failing to investigate Brown's mental health and request a competency hearing; 2) coercing Brown into taking an unknowing and involuntary plea by threatening to withdraw; 3) failing to investigate and advise Brown as to the possibility of a defense based on his mental health prior to advising Brown to enter a plea; and 4) failing to investigate and present Brown's mental health issues during sentencing. Brown also raises a cumulative error claim, alleging that even if trial counsel's individual errors were not prejudicial, when viewed in their totality, the cumulative impact of the errors deprived him of his constitutional rights. The Magistrate Judge recommended denying Brown relief on all claims.

Brown timely filed seventeen Objections to the R & R. Many of the Objections are redundant and relate to several claims. In this Memorandum, the Court will address each of the Objections as they relate to Brown's specific claims.

### A. Legal Standard

"Strickland v. Washington supplies the standard for addressing a claim of ineffective assistance of counsel." United States v. Smack, 347 F.3d 533, 537 (3d Cir. 2003). "The

benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984).

The Strickland standard requires a two-part inquiry. "First, the defendant must show that counsel's performance was deficient," id. at 687, that is, "that counsel's representation fell below an objective standard of reasonableness." Id. at 688. The measure for counsel's performance under the first prong is "whether counsel's assistance was reasonable considering all the circumstances," including "[p]revailing norms of practice." Id. "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." Id. at 687. The defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Id. Furthermore, "[t]he effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial: 'a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989) (quoting Strickland, 466 U.S. at 696).

When viewed through the lens of 28 U.S.C. § 2254(d), the federal court's review of an ineffective assistance of counsel claim is "doubly deferential." Yarborough v. Gentry, 540 U.S. 1, 6 (2003). As recently explained by the Supreme Court,

> Establishing that a state court's application of Strickland was unreasonable under
> § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are
> both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so.
> The Strickland standard is a general one, so the range of reasonable applications is
> substantial. Federal habeas courts must guard against the danger of equating
> unreasonableness under Strickland with unreasonableness under § 2254(d). When §

2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Premo v. Moore, 131 S. Ct. 733, 740 (2011) (internal citations and quotation marks omitted).

### B. Brown's Objections

At the outset, the Court notes that Brown's first claim — that his counsel was ineffective for failing to investigate his competency and request a competency hearing — and second claim — that his counsel was ineffective for coercing him into accepting a plea deal — were adjudicated on the merits by the state court, and thus are subject to "doubly-deferential" review under 28 U.S.C. § 2254(d).  However, Brown's third claim — that his counsel was ineffective for failing to investigate and present mental health defenses — and fourth claim — that his counsel was ineffective for failing to produce evidence of Brown's mental illness during sentencing — were not adjudicated on the merits by the state court.  Thus, the Court's review of those claims is not limited by 28 U.S.C. § 2254(d).

### a. Claim One: Trial Counsel's Failure to Investigate Brown's Mental Health and Request a Competency Hearing

#### i. Reasonableness of the State Court Decisions — Objections 1, 2, 5, 6

First, Brown argues that his trial counsel was legally deficient in failing to investigate his mental health and request a competency hearing.  An attorney is ineffective if he or she fails to request a competency hearing despite observing "indicia" of incompetence that would "provide reasonable counsel 'reason to doubt' the defendant's ability to understand the proceedings, communicate with counsel, and assist in his own defense."  Jermyn v. Horn, 266 F.3d 257, 300 (3d Cir. 2001).

Brown argues that there were two such indicia in this case: (1) Brown "specifically advised his counsel before the pleas were taken that he had a significant and long standing

5

mental health history," and (2) Brown told the trial court (when his trial counsel was present) during his plea colloquy that he had been prescribed lithium. (Petitioner's Memorandum of Law in Support of Habeas Petition at 7.) Magistrate Judge Rice concluded that this claim was meritless because the Pennsylvania Superior Court reasonably determined that Brown's written and oral plea colloquies revealed no indicia of incompetence. (R & R at 7.)

In his first, second, fifth, and sixth Objections, Brown challenges Magistrate Judge Rice's conclusion that the state court decision with respect to his first claim was neither contrary to nor an unreasonable application of Strickland v. Washington and that counsel was not ineffective in failing to investigate Brown's mental health and request a competency hearing. (Objs. at 2-4.)

The Court agrees with the Magistrate Judge's conclusion. First, there is no evidence in the state court record[2] that supports Brown's contention that he "specifically advised" his trial counsel of his mental health issues before the plea was taken. Furthermore, as set forth in the R & R, it was objectively reasonable for the Pennsylvania Superior Court to "uphold the trial court's implicit credibility determination" that Brown was competent based on his responses regarding his medication during the oral colloquy, and to conclude that the oral and written colloquies revealed no "indicia of incompetence" that would trigger an attorney's duty to investigate competence. (R & R at 7); see also Taylor v. Horn, 504 F.3d 416, 431 (3d Cir. 2007) ("[A] finding of competence is a prerequisite to a determination that a plea is knowing and voluntary.").

Brown further argues that because clients are often instructed when taking a plea to "just sign" or provide a specific "Yes" or "No" answer when colloquied, the Magistrate Judge

---

[2] The Court is limited to the state court record in its review of this claim because it was adjudicated on the merits, and thus subject to review under 28 U.S.C. § 2254(d). See Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

erroneously concluded that it was not unreasonable for the state courts to find that "[p]etitioner's written and oral colloquies were sufficient to establish that counsel met professional standards when he negotiated a plea agreement for the Petitioner."  (Objs. at 4-5 (quoting R & R at 7.))  In light of his low IQ and severe mental health problems, Brown contends that he simply did as instructed.  (Id.)  The Court rejects this argument because there is no evidence in the state court record that Brown was given such instructions or that his answers did not represent an expression of true understanding.  Thus, the Court overrules Brown's first, second, fifth, and sixth Objections challenging the reasonableness of the state court decisions with respect to his first claim.

### ii.   Consideration of Supplementary Evidence for Claim 1 — Objection 3

In his third Objection, Brown objects to the Magistrate Judge's conclusion that his consideration of Brown's supplemental evidentiary psychiatric record is prohibited under Cullen v. Pinholster, 131 S. Ct. 1388 (2011).  (Objs. at 2-3 (citing R & R at 5.))  Brown argues that notwithstanding Cullen, he should be permitted to present evidence of his psychiatric record on habeas review because he submitted several motions requesting that the Pennsylvania Superior Court review his psychiatric record, but his requests were denied.  (Objs. at 3.)

The Court overrules this Objection because it may not consider evidence outside the state court record in its review of claims adjudicated on the merits by the state court.  See 28 U.S.C. § 2254(d)(1); Cullen, 131 S. Ct. at 1398 (holding "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").  Brown's first and second claims were adjudicated on the merits by the Pennsylvania state courts, and therefore the Court may not consider supplemental evidentiary records submitted by either Brown or the

Government in reviewing those claims.[3]  Brown has failed to cite any case law, nor has the Court

found any case law, supporting the proposition that the rule set forth in Cullen is inapplicable

where the state courts have refused to consider evidence.

### b. Claim Two: Trial Counsel Coerced Brown into Taking an Unknowing and Involuntary Plea By Threatening to Withdraw — Objections 1, 7, 8

In Brown's first, seventh, and eighth Objections, he challenges Magistrate Judge Rice's

recommendation that his second claim be denied.  (Objs. at 2, 5.)  Brown contends that his

counsel was ineffective for coercing him to accept a plea agreement by threatening to withdraw

if he elected to proceed to trial.

"A threat by a defendant's attorney to withdraw from the case if the defendant does not

plead guilty may render a guilty plea involuntary."  Heiser v. Ryan, 951 F.2d 559, 561 (3d Cir.

1991).  The ultimate question is whether the plea constitutes "the voluntary expression of

[defendant's] own choice."  Id.  Sworn statements made by a defendant during a plea colloquy as

to the voluntariness of a plea "carry a strong presumption of verity," and, as such, constitute "a

formidable barrier in any subsequent collateral proceedings."  Blackledge v. Allison, 431 U.S.

63, 73–74 (1977).  "The burden is on the defendant to establish by a preponderance of evidence

that his guilty plea was not voluntary and intelligent."  United States v. Duarte, 166 F. App'x

630, 632 (3d Cir. 2006).

As set forth in the R & R, Brown included this claim in his PCRA petition.  (R & R at 8.)

In addressing the claim, the Pennsylvania Superior Court concluded that Brown's oral and

written colloquies adequately ensured his knowledge and volition, and thus counsel was not

---

[3] As the Court is not limited by 28 U.S.C. § 2254(d) in addressing Brown's third and fourth claims, Cullen is inapplicable with respect to the Court's review of those claims.  Thus, as discussed infra in Part IV(B)(c)(ii), it was not improper for the Magistrate Judge to consider supplementary evidence outside the state court record, including Brown's psychiatric records and trial counsel's affidavit, in reviewing those claims.

ineffective on this ground.  (Id.)  The Magistrate Judge concluded that the state court decision

was objectively reasonable.  (Id.)  The Court agrees with Magistrate Judge Rice's conclusion that

"[v]iewed through the doubly-deferential lens of Strickland and § 2254[(d)], the Superior Court's

decision is neither contrary to, nor an unreasonable application of Strickland."  (R & R at 8.)

> In his analysis, Magistrate Judge Rice states:
>
> [a]lthough counsel did suggest possibly withdrawing, Brown was not coerced because he
> was not convinced to plead guilty when trial counsel discussed a possible withdrawal.
> Instead, he requested a trial…To the extent that counsel's threat had even the potential to
> influence Brown's decision, it was undercut by the trial court, which explicitly refused to
> allow the withdrawal after guaranteeing Brown a trial and giving him one last chance to
> negotiate an acceptable plea.

(Objs. at 5-6 (quoting R & R at 10).)  In his eighth Objection, Brown challenges the Magistrate

Judge's reasoning set forth in the R & R.  Brown cites no legal authority, but contends that

because his counsel was prohibited from withdrawing, he had no option but to plead guilty or

proceed to trial with defense counsel who did not want to represent him.  (Id. at 6.)

After a brief consultation with Brown, defense counsel informed the court that Brown

Brown's argument is unavailing.  This Court concludes that any potential influence that

the trial court judge's refusal to permit defense counsel's withdrawal may have had on Brown's

decision to plead guilty was negated by Brown's subsequent requests for a jury trial and the trial

judge's repeated guarantees that Brown would have a jury trial if that was how he decided to

proceed.   The August 13, 2008 hearing transcript reveals that, after the trial court prohibited

defense counsel from withdrawing, the Judge continued to discuss scheduling of the trial and

informed Brown that he "could get 30 to 60."  (Plea Hr'g Tr. August, 13, 2008, 7.)  It is at that

point that Brown sought and was granted additional time to speak with counsel.  (Id.)

After a brief consultation with Brown, defense counsel informed the court that Brown

wanted to accept the plea deal.  (Id. at 7-8.)  However, in the wake of Brown's continued

waffling, the trial court judge refrained from immediately going forward with a plea hearing.

(Id. at 8-9.)  Instead, the judge advised Brown that he would not encourage him to plead guilty, and continued to offer assurances that Brown was entitled to a jury trial and would not be forced to give up any of his rights.  (Id. at 8) (**The Court:** You want a jury trial, we'll give you one. That's what we're here for.  I'm not going to shove this plea down your throat. . . .).

The trial judge subsequently offered to recess the proceeding to ensure that Brown had the time he sought to discuss his options with counsel.  (Id.)  (**The Court:** I was going to give you some time and call you back at 3:30.  **Brown:** Can you do that for me?  **The Court:** I will.) The hearing transcript further demonstrates that Brown benefited from such additional time, as the Commonwealth's plea offer was altered from a range of 9- 30-years imprisonment to 10- 20-years imprisonment, which he ultimately accepted.  (Id. at 5, 23.)  The Court, therefore, overrules Brown's first, seventh, and eighth Objections and denies Brown's second ineffective assistance of counsel claim.

> c.   **Claim Three: Counsel's Failure to Investigate and Advise Brown as to the Possibility of a Defense Based on his Mental Health**
>
>> i.   **Failure to Establish Prejudice under Strickland — Objections 9, 10, 11**

In his ninth, tenth, and eleventh Objections, Brown reiterates his argument that his mental health issues established a potential defense based on his incapacity and challenges the Magistrate Judge's conclusion that Brown's trial counsel was not ineffective for failing to investigate and present available mental health defenses.  Brown's third claim was not adjudicated on the merits by the state court, and thus the Magistrate did not review it under the framework 28 U.S.C. § 2254(d).  (R & R at 11-12.)  However, as set forth in the R & R, which the Court has approved and adopted, Brown's third claim fails on the merits.  (R & R at 12 (citing Strickland, 466 U.S. at 688.))  As the Magistrate Judge explained,

> [e]ven if Brown's counsel had compiled all the records and elicited the expert testimony
> attached to his federal habeas brief and attempted to present a mental health defense at
> trial, the new evidence would not have created a 'reasonable probability' that Brown
> would have been [sic] a viable mental health defense under Pennsylvania law or received
> a lower sentence.

(R & R at 12-13.)  The Court agrees.  For the reasons stated in the R & R, Brown's medical

records and the recently submitted expert report asserting that Brown was not competent to enter

his plea fail to establish prejudice under Strickland.  (R & R at 13.)  Thus, the Court overrules

Brown's ninth, tenth, and eleventh Objections.

### ii.   Consideration of Supplementary Evidence for Claim Three — Objection 12

In his twelfth Objection, Brown objects to the Magistrate Judge's consideration of

supplementary evidence, specifically an affidavit from trial counsel submitted by the

Commonwealth, in its review of Brown's third claim.  (Objs. at 9-10.)  In reviewing Brown's

third claim, Magistrate Judge Rice relied on trial counsel's affidavit in which trial counsel states

that he does not recall discussing the impact of Brown's mental health history on this case and

that Brown's mental health history was never an issue during his representation of Brown in a

jury trial in June 2007, approximately six months before the occurrence of the three criminal

actions covered by Brown's guilty plea in this case.  (R & R at 15.)

As previously discussed, the Court's review of Brown's third claim is not subject to

AEDPA deference under 28 U.S.C. § 2254(d) as it was not adjudicated on the merits by the state

court.  Thus, the habeas court is not prohibited from considering evidence outside the state court

record in reviewing this claim.  (R & R at 13); Pursell v. Horn, 187 F. Supp. 2d 260, 381 (W.D.

Pa. 2002) (federal district courts "may expand the record in a case to include 'additional material

relevant to the determination of the merits of the petition'") (quoting Rule 7 of the Rules

Governing Section 2254 and 2255 Cases).  Consequently, the Magistrate Judge properly

considered supplementary evidence outside the state court record, including Brown's psychiatric records and trial counsel's affidavit, in reviewing this claim.  The Court thus overrules Brown's twelfth Objection, and denies Brown's third ineffective assistance of counsel claim.

### d.   Claim Four: Counsel's Failure to Investigate and Present Brown's Mental Health Issues During Sentencing — Objections 13, 14

In his thirteenth and fourteenth Objections, Brown challenges the Magistrate Judge's conclusion that trial counsel was not ineffective for failing to present available evidence of Brown's mental illness at sentencing.

The Magistrate Judge correctly concluded that regardless of whether the claim was procedurally defaulted, it was meritless.  (R & R at 16.)  As set forth in the R & R, which the Court has approved and adopted, Brown failed to establish that there was a "reasonable probability" that defense counsel's presentation of mitigation evidence would have resulted in a lesser sentence.  (Id. at 16-17.)  The Court imposed an aggregate sentence of 10 to 20 years under the plea agreement, with a possibility of parole after 10 years.  (Id. at 17.)  This represented the statutory mandatory minimum.[4]  (Id.)  Consequently, the Court could not have lessened the sentence even if mitigation evidence had been presented by defense counsel.  (Id. (citing 42 Pa. C.S. § 9714(e).)  Thus, the Court overrules Brown's thirteenth and fourteenth Objections and denies Brown's fourth ineffective assistance of counsel claim.

### e.   Reasonableness of the State Court Decision Not to Admit Brown's Psychiatric Records — Objection 4

In his fourth Objection, Brown objects to the Magistrate Judge's "finding that the state court's refusal to consider the psychiatric evidence was not objectively unreasonable and/or

---

[4] Brown faced a mandatory minimum sentence of ten years for each of the two aggravated assault convictions that he plead guilty to under Pennsylvania's "three strikes law."  (R & R at 17.)

contrary to and unreasonable application of <u>Strickland</u>." (Objs. at 3). In 2011, Brown filed

several motions asking the Pennsylvania Superior Court to review his psychiatric record in

connection with his pending appeal of the denial of his PCRA Petition. (R & R at 3.) All such

motions were denied. (<u>Id.</u>)

At the outset, the court notes that the Magistrate Judge reached no conclusion in the R &

R with respect to the reasonableness of the state court's refusal to consider Brown's psychiatric

records. Brown presents this argument for the first time in his Objections, and his failure to

present this argument to the Magistrate Judge violates Local Rule of Civil Procedure 72.1(IV)(c).

The interest of justice does not require the Court's consideration of this argument because Brown

had ample opportunity in his prior filings to raise the issue, and he presents no excuse for his

failure to do so. The Court nonetheless considers the Objection and concludes that the claim was

not raised before any state court and is procedurally defaulted. <u>See</u> <u>Lines v. Larkins</u>, 208 F.3d

153, 160 (3d Cir. 2000). Nor has Brown alleged any cause to excuse his procedural default.

Thus, the Court overrules Brown's fourth Objection and dismisses the claim.

### f. Cumulative Error — Objection 15

In his fifteenth Objection, Brown, without providing any basis, challenges the Magistrate

Judge's conclusion addressing Brown's "cumulative error" claim. The R & R sets forth that

Brown's "cumulative error" argument was not raised before the Pennsylvania state courts and is

procedurally defaulted. (R & R at 18.) The Court agrees. <u>See</u> <u>Collins v. Sec'y of Pennsylvania</u>

<u>Dep't of Corr.</u>, 742 F.3d 528, 541 (3d Cir. 2014) (holding cumulative error claim is a stand-alone

constitutional claim subject to procedural default and exhaustion). Brown again fails to provide

any cause to excuse the default. Therefore, this Objection is overruled, and the claim is

dismissed.

### g.  Evidentiary Hearing — Objection 16

In his sixteenth Objection, Brown objects to Magistrate Judge Rice's conclusion that

Brown is not entitled to an evidentiary hearing on his claims.  As previously discussed, the Court

may not consider any new evidence in addressing Brown's first and second claims because the

claims were adjudicated on the merits by the Pennsylvania state courts, and thus the Court's

review is limited to the state court record.  See Cullen, 131 S. Ct. at 1399.  With respect to

Brown's third and fourth claims, the Court is not limited to the state court record, nor is

petitioner barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2).[5]  However,

the Court has discretion not to hold a hearing where it would not advance Brown's

claims. See Campbell v. Vaughn, 209 F.3d 280, 287 (3d. 2000).  As the R & R explains, and as

discussed above, Brown's third and fourth claims are meritless; therefore an evidentiary hearing

would not advance those claims.  Brown's sixteenth Objection is thus overruled.

### h.  Certificate of Appealability — Objection 17

In his final Objection, Brown argues that in the event the Court dismisses the Petition, it

should grant a Certificate of Appealability.  In the Third Circuit, a certificate of appealability is

granted only if Brown makes: "(1) a credible showing that the district court's procedural ruling

was incorrect; and (2) a substantial showing that the underlying habeas petition [or motion]

alleges a deprivation of constitutional rights."  Morris v. Horn, 187 F.3d 333, 340 (3d Cir.

1999); see also 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue. . . only if the

applicant has made a substantial showing of the denial of a constitutional right.").  The Court

---

[5] When, as in this case, a petitioner requests an evidentiary hearing in state court, and the state court declines to conduct such a hearing, petitioner is not deemed to have failed to develop the factual basis of his claims, and thus an evidentiary hearing is not barred under 28 U.S.C. § 2254(e)(2).  See Thomas v. Varner, 428 F.3d 491, 498 (3d Cir. 2005); Hughes v. Beard, No. 06-250, 2007 WL 2791423, at * 4 (E.D. Pa. Sept. 25, 2007).

concludes that Brown has not made such a showing.  Thus, the Court overrules the Objection and

will not issue a certificate of appealability.

## V.      CONCLUSION

For the foregoing reasons, the R & R is approved and adopted in full; Brown's

Objections are overruled; and all of Brown's claims are denied and dismissed with prejudice

without an evidentiary hearing.  An appropriate order follows.